#3000216789

N THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

FILED-USDC-NDTX-DA
'26 OCT 23 PM1:36

| | | |
|---|---|---|
| LUCAS HORTON,<br>Plaintiff,<br><br>v.<br><br>TRUMP SAVE AMERICA JOINT FUNDRAISING COMMITTEE f/k/a SAVE AMERICA JOINT FUNDRAISING COMMITTEE.<br>Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.<br><br>3-26CV3722-S |

**Complaint**

1. Plaintiff Lucas Horton ("Plaintiff") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, alleging that Defendant Save America Joint Fundraising Committee ("SAJFC") sent a series of automated text messages for the purposes of political fundraising solicitation by contacting Plaintiff's cellular telephone without prior express consent and not related to any emergency purpose, which is prohibited by the TCPA.
2. Plaintiff never consented to receive any of these automated text messages.

**PARTIES**

3. Plaintiff is a natural person, who resides in Richardson, Texas, and is a citizen of the State of Texas, and was the individual who received the alleged phone calls in this case on his private mobile telephone, and was a resident of Texas during the calls, in this case in Dallas County, Texas.
4. Defendant SAJFC is a political action committee registered with the United States FEC, Identification Number C00770941. Its custodian of records and treasurer is Bradley Crate,

138 Conant St, 2nd Fl, Beverly, MA 01915. The Committee can be served at its registered address of 138 Conant St, 2nd Fl, Beverly, MA 01915.

**JURISDICTION AND VENUE**

5. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S. C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Ser's., UC,* 565 U.S. 368,372 (2012).

6. This Court has specific personal jurisdiction over the defendant because it repeatedly directed text-message donation solicitations to Texas residents, including Plaintiff, and purposefully directed the communications at issue to Plaintiff while he was in this District.

7. Venue is proper in this District pursuant to 28 U .S.C. § 1391 (b )( 1 )-(2) because a substantial part of the events giving rise to the claims—namely the text messages and donation solicitations directed at Plaintiff—occurred in this District, and Plaintiff was residing in the Northern District of Texas when he received the communications that are the subject matter of this lawsuit.

**Background**

8. In 1991, Congress enacted the TCP A to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing ...can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

9. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number

assigned to a ... cellular telephone service ... or any service for which the called party is charged for the call." See 47 U.S.C. § 227(b)(l)(A)(iii).

10. The TCPA provides a private cause of action to persons who receive calls in violation of47 U.S.C. § 227(b)(l)(A). See 47 U.S.C. § 227(b)(3).

11. The FCC has clarified that political campaign-related calls and text messages are subject to the TCPA restrictions on calls and texts to cellular telephones made using an automatic telephone dialing system (ATDS). Political organizations, including political fundraising committees, are not categorically exempt from the prior-express-consent requirement for ATDS calls and texts to cellphones. Political text messages sent without an ATDS generally do not require prior express consent under this provision. See FCC Enforcement Advisory, Political Campaign-Related Calls and Text Messages, DA 16-264 (Mar. 14, 2016); 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(1)(iii).

12. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

13. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CO Docket No. 02-278, Report and Order, 18 F.C.C. Red. 14014, 14115, 165 (2003).

14. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." Id. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

15. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

## FACTUAL ALLEGATIONS

16. Defendant SAJFC is a registered federal political committee that solicits donations to support political activity and candidates.

17. Defendant SAJFC solicits donations to support chosen politicians, fund staff and travel expenses, and favored election candidates.

18. Through information and belief, the text messages were indiscriminately sent to millions of United States residents without regard to location, voting status, or residency.

19. Each and every text message at issue was sent to Plaintiff's phone number ending in 3341 that he registered to the National Do-Not-Call Registry in December 2011.

20. At all times material hereto, Plaintiff maintained and used a residential cellular telephone line, with a phone number ending in 3341. At all times material hereto, Plaintiff was the subscriber of the telephone number ending in 3341. Plaintiff never gave Defendant his phone number or prior express consent to receive calls or text messages.

21. Plaintiff was not aware of Defendant's existence prior to receiving text messages from Defendant and would not have consented to be texted by them, even if he had.

22. Plaintiff has no affiliation with the Republican party, any right leaning PAC's, or right-wing groups at all. Indeed, the Plaintiff hates Trump and would never associate with groups supporting MAGA.

23. Plaintiff has never donated money to any political cause or group whatsoever that would place his name or number on a list of potential donors for SAJFC.

24. Plaintiff is not politically active at all, so there is no reason for Defendant to have Plaintiff's name and telephone number on a legitimate list of fundraising targets, known donors, or existing supporters.

25. Each and every automated text message from SAJFC included variations of a link that directed Plaintiff to a donation solicitation website. The automated text messages were not addressed to Plaintiff and ended with "ReplySTOPToEnd." Representative screenshots of these text messages are attached hereto as Exhibit A.

26. Text messages with "ReplyStop" (or some variation) and that do not address the recipient by name are indicative of text messages sent via automated means that use automation to process "STOP" requests.

27. The text messages Plaintiff received were randomly generated and could have gone to anyone in the United States of America or even persons living outside the United States who happen to have U.S. area-coded telephone numbers.

28. Upon information and belief, the texting platform used to send the messages to Plaintiff had the capacity to store telephone numbers using a random or sequential number

generator or to produce telephone numbers using such a generator, and to dial those numbers automatically, as defined by 47 U.S.C. § 227(a)(1).

29. Plaintiff called every phone number he was texted by to help identify the culprit behind the texts but only received fast busy tone signals or disconnected phone line messages.

30. Each and every text message contained versions of the same donation collection message all coming from separate busy or nonworking telephone numbers.

31. Defendant routinely violates the TCP A as a part of their donation solicitation model and knowingly and willfully commits TCPA violations.

| Date | Number | Beneficiary | STOP / unsubscribe evidence |
|---|---|---|---|
| Mar. 23 | 959-277-8244 | SAJFC | |
| Mar. 28 | 959-227-8218 | SAJFC | — |
| Mar. 28 | 959-227-8244 | SAJFC | — |
| Mar. 29 | 959-227-8207 | SAJFC | — |
| Mar. 30 | 959-227-8390 | SAJFC | — |
| Apr. 2 | 959-234-0521 | SAJFC | — |
| Apr. 3 | 959-227-8238 | SAJFC | — |
| Apr. 6 | 959-234-0725 | SAJFC | — |
| Apr. 6 | 959-234-0986 | SAJFC | — |
| Apr. 8 | 959-234-0955 | SAJFC | — |
| Apr. 16 | 959-227-8212 | SAJFC | — |

| Date | Number | Beneficiary | STOP / unsubscribe evidence |
|---|---|---|---|
| Apr. 21 | 959-227-8221 | SAJFC | — |
| Apr. 26 | 959-234-0970 | SAJFC | — |
| Apr. 30 | 959-227-8212 | SAJFC | — |
| May 17 | 959-227-8243 | SAJFC | — |
| May 21 | 959-227-8224 | SAJFC | — |
| May 30 | 959-227-8226 | SAJFC | — |
| May 31 | 959-227-8237 | SAJFC | — |
| Jun. 10 | 959-234-0983 | SAJFC | STOP + explicit unsubscribe confirmation |
| Aug. 16 | 561-359-1817 | SAJFC | — |
| Aug. 26 | 385-595-0338 | SAJFC | — |
| Aug. 30 | 680-201-7200 | Team Elise + SAJFC | — |
| Sep. 4 | 680-201-7363 | Team Elise + SAJFC | — |
| Oct. 4 | 385-489-2901 | SAJFC | — |
| Oct. 16 | 720-753-0926 | NRSC + SAJFC | STOP + confirmation |
| Oct. 18 | 561-936-9833 | SAJFC | — |
| Oct. 28 | 561-363-0046 | SAJFC | STOP + confirmation |

**The 2024 Texts**

| Date | Number | Beneficiary | STOP evidence |
|---|---|---|---|
| Jan. 8 | 321-380-1178 | SAJFC | STOP |

| Date | Number | Beneficiary | STOP evidence |
|---|---|---|---|
| Jan. 14 | 571-560-6651 | NRSC + SAJFC | — |
| Jan. 27 | 531-231-0351 | SAJFC | STOP |
| Jan. 28 | 571-560-7709 | SAJFC | STOP + confirmation |
| Feb. 2 | 571-560-6665 | NRSC + SAJFC | — |
| Feb. 5 | 518-223-9805 | Team Elise + SAJFC | STOP + confirmation |
| Feb. 5 | 234-287-9027 | SAJFC | STOP + confirmation |
| Feb. 12 | 413-461-9036 | Team Elise + SAJFC | STOP |
| Feb. 16 | 561-376-2950 | SAJFC | STOP |
| Feb. 20 | 520-333-6451 | Crane + SAJFC | STOP + confirmation |
| Feb. 22 | 571-560-6665 | NRSC + SAJFC | STOP + confirmation |
| Feb. 22 | 571-560-7149 | NRSC + SAJFC | STOP shown in video |
| Feb. 24 | 860-699-0135 | Mike France CT2 + SAJFC | STOP + confirmation |
| Mar. 19 | 501-461-1398 | Team Elise + SAJFC | Unsubscribe confirmation shown |

32. On Feb 8th[th], 2024, Plaintiff even sent an email to Bradley Crate, SAJFC's treasurer, at saveamericajfc@redcurve.com, requesting that the texts stop, yet the texts continued for over 5 weeks.

33. On June 10, 2023, Plaintiff replied STOP to a SAJFC text message and received an explicit confirmation that he had been unsubscribed. Nevertheless, Defendant continued sending additional text messages to Plaintiff after that confirmation. See Exhibit B.

34. Thereafter, Plaintiff repeatedly sent additional STOP or unsubscribe requests, and on multiple occasions received confirmations that the requests had been processed, yet additional messages continued. Screenshots documenting Plaintiff's STOP requests and unsubscribe confirmations are attached hereto as Exhibit B.

35. Accordingly, even if Defendant contends that Plaintiff had ever provided consent—which Plaintiff denies—Plaintiff expressly revoked any such consent by reasonable means, and Defendant continued sending text messages after that revocation.

36. Plaintiff has never had an established business relationship with Defendant or has never requested information from Defendant.

37. Each and every text message Plaintiff received from Defendant SAJFC was placed while knowingly ignoring that they had no consent from the Plaintiff to text him. Each and every text message was placed without training their agents/employees on the use of an internal do-not-call policy.

38. Plaintiff pays for each incoming and outgoing call on his telephone under an unlimited calling arrangement, as defined and set forth in 47 CFR § 64.1200(a)(l)(iii).

39. Plaintiff received the text messages on his private mobile telephone, as defined and set forth in 47 CFR § 64.1200(a)(l )(iii). Plaintiff's telephone number was registered with ATT Wireless as a cellular telephone number and is used for personal purposes.

40. Defendant's automated texts are not exempt from 47 U.S.C. 227(b) because they were

not made for emergency purposes.

41. Defendant's text messages to Plaintiff were "telephone solicitations" as defined by the TCPA.

42. In summary, Plaintiff received forty one (41) texts from Defendant to Plaintiff's personal cell phone number which is registered on the National Do-Not-Call list.

**DEFENDANT'S USE OF AN ATDS**

43. The text messages were sent using an Automatic Telephone Dialing System ("ATDS"). As the Supreme Court recently clarified, the key feature of an ATDS is the capacity to store numbers to be called using a random or sequential number generator or to produce numbers to be called using a random or sequential number generator. *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1167 (2021 ).

44. The inclusion of "ReplySTOPToEnd" in the text messages is an indication that the messages sent by Defendants utilized an automatic telephone dialing system. It supports the inference that Defendants used an ATDS, such as on which "use[s] a random [or sequential] number generator to determine the order in which to pick phone numbers from a pre-produced list." *Facebook*, 141 S. Ct. at 1171 n.7.

45. No facts exist here to support the conclusion that Defendants were texting from a curated list of their past customers or donors. Plaintiff had no prior relationship with Defendant or even the Republican Party.

46. None of the texts identify the Plaintiff by name or contain information specific to Plaintiff, instead addressing him generically as a "Patriot," "Trump supporter," or as a purported survey participant and directing him to standardized mass-fundraising pages. These facts,

together with the use of numerous different and nonworking originating telephone numbers, Plaintiff's complete lack of a prior relationship with Defendant, and the mass-produced nature of the messages, support the inference that the messages were not sent from a curated list of known donors or supporters but through automated mass-texting equipment.

47. The text messages were sent en masse to presumably thousands of individuals without meaningful regard to the identity or even political affiliation of the recipient. The Plaintiff is not a Trump or MAGA supporter and has never identified himself as such to the Defendant. Yet, the Defendant repeatedly sent Plaintiff text messages addressed to "Trump Supporters." This mismatch is evidence of indiscriminate automated dialing and strongly supports the inference that Defendant used an ATDS rather than a curated list of known supporters or donors.

48. During the same period in which Plaintiff received the challenged text messages, Defendant's own online fundraising and opt-in pages expressly informed users that, by providing a telephone number, the user consented to receive "calls and SMS/MMS msgs, including autodialed and automated calls and texts" from Trump Save America JFC and/or its participating committees.

49. Defendant's own description of its fundraising messaging system therefore confirms that Defendant employed automated and autodialed calling and texting technology as part of its fundraising operations. Plaintiff never provided his telephone number through these forms and never gave Defendant the consent described in Defendant's disclosure.

50. Defendant's express representation that its fundraising operation utilized autodialed and automated calls and texts, considered together with the numerous generic and prewritten messages sent to Plaintiff, the use of numerous changing and nonworking originating telephone numbers, the absence of any prior relationship between Plaintiff and Defendant, and the automated processing of STOP commands, further supports Plaintiff's allegation that the challenged messages were transmitted using an ATDS within the meaning of 47 U.S.C. § 227(a)(1).

51. The challenged messages were sent by Defendant, or by third parties acting on Defendant's behalf and for its benefit. The messages solicited political contributions through fundraising links directing recipients to donation pages identifying SAJFC as a beneficiary, either alone or alongside participating committees. The solicitations promoted SAJFC's fundraising activities, and SAJFC stood to benefit financially from resulting contributions. Upon information and belief, Defendant authorized, directed, or knowingly permitted third parties to transmit the messages as part of its fundraising operations.

**INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES AS A RESULT OF THE TEXTS**

52. Defendants' texts harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

53. Defendants' calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

54. Defendants' texts harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone line.

55. Defendants' texts harmed Plaintiff by intruding upon Plaintiff's seclusion.

56. Plaintiff has been harmed, injured, and damaged by the texts including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of his cell phone.

57. The texts were to Plaintiff's cellular phone ending in 3341 which is Plaintiff's personal cell phone that he uses for personal, family, and household use. Plaintiff maintains no landline phones at his residence and has not done so for at least 20 years and primarily relies on cellular phones to communicate with friends and family. Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. Plaintiff further has his cell phone registered in his personal name, pays for the cell phone from his personal accounts, and the phone is not primarily used for any business purpose.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### Violations of the TCPA, 47 U.S.C. § 227(b)(1), by Automated Text Messaging Without Prior Express Consent

58. Plaintiff incorporates and realleges by reference each and every allegation set forth in the preceding paragraphs.

59. Defendant violated the TCPA, 47 U.S.C. § 227(b)(1), by placing non-emergency automated text messages to Plaintiff's cellular telephone number using an ATDS without prior express consent.

60. Plaintiff is entitled to an award of $500 in damages for each such violation. 47 U.S.C. § 227(b)(3)(B).

61. Plaintiff is also entitled to and does seek an injunction prohibiting Defendants from

violating the TCPA, 47 U.S.C. § 227(b)(1), by placing non-emergency calls and/or text messages to any cellular telephone number using an ATDS without prior express consent.

## SECOND CLAIM FOR RELIEF

### Violations of the TCPA, 47 U.S.C. § 227(b)(1), by Automated Text Messaging After Revocation of Any Purported Consent

62. Plaintiff incorporates and realleges by reference each and every allegation set forth in the preceding paragraphs.

63. Plaintiff never consented to receive the automated text messages at issue. In the alternative, to the extent Defendant contends that any consent existed, Plaintiff expressly revoked any such consent, including by replying STOP and receiving an explicit unsubscribe confirmation on June 10, 2023.

64. After Plaintiff revoked any purported consent, Defendant continued sending non-emergency automated text messages to Plaintiff's cellular telephone number using an ATDS.

65. Each automated text message sent after revocation constitutes a violation of 47 U.S.C. § 227(b)(1)(A)(iii), subject to the remedies provided by 47 U.S.C. § 227(b)(3).

66. The repeated transmission of messages after Plaintiff's STOP requests, unsubscribe confirmations, and direct notice to Defendant supports an award of treble damages for knowing and/or willful violations as permitted by 47 U.S.C. § 227(b)(3).

67. Plaintiff does not seek duplicative statutory recovery under Counts I and II for the same text message.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lucas Horton prays for judgment against Defendant as follows:

A. Leave to amend this Complaint to conform to the evidence presented at trial;

B. A declaration that actions complained of herein by Defendants violate the TCPA;

C. An injunction enjoining Defendants and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D. An award of up to $500 per text in statutory damages for the texts received without consent, as permitted by 47 U.S.C. § 227(b)(3);

E. An award of up to $1500 per text in treble damages for the texts received after consent was specifically revoked for knowing and/or willful TCPA violations, as permitted by 47 U.S.C. § 227(b)(3);

F. An award to Plaintiff of damages, as allowed by law under the TCPA;

G. An award to Plaintiff of pre-judgment and post-judgment interest, and costs, as allowed by law and equity;

H. Cost of suit herein incurred; and

I. Such further relief as the Court deems necessary, just, and proper.

**Demand For Jury Trial**

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: 9/29/2026 Respectfully submitted,

Lucas Horton
lukeduke365@yahoo.co
m 1202 Stratford Dr
Richardson, TX 75080
469 350 8428

**Exhibit A-1 — January 8 — text message**

Source: jan 8th STOP(2).mp4 | Extracted frame at 00:03



**Exhibit A-2 — January 14 — NRSC / Trump Save America text**

Source: Jan 14 NRSC & Trump Save America(2).mp4 | Extracted frame at 00:03



**Exhibit A-3 — January 27 — text message**

Source: Jan 27 trump save america STOP(2).mp4 | Extracted frame at 00:02

10:42 91%

(531) 231-0351

Saturday • 5:03 PM

Texting with (531) 231-0351 (SMS/MMS)

From Trump: RAZOR WIRE!

What Biden is doing to Texas is SICK!

STOP THE INVASION!

Read my response: https://trumpusa.pro

Text messa...

## Exhibit A-4 — January 27 — fundraising destination

Source: Jan 27 trump save america STOP(2).mp4 | Extracted frame at 00:16

10:42 91%

$250

$500

Other

Your contribution will benefit Trump Save America Joint Fundraising Committee.

☐ I would like to cover the processing fee so 100% of my donation goes to Trump Save America Joint Fundraising Committee

**THIS IS PRESIDENT TRUMP, AND I WILL NEVER STOP FIGHTING FOR PATRIOTS LIKE YOU! JOE BIDEN HAS DESTROYED AMERICA: OPEN BORDERS, SKYROCKETING CRIME, AND RECORD LEVEL INFLATION. NOW THEY'RE TRYING TO REMOVE ME FROM THE BALLOT, BUT I WILL NEVER SURRENDER. CAN I COUNT ON YOUR SUSTAINED SUPPORT?**

| Yes, count me in! | No, donate once |
|---|---|

**Exhibit A-5 — January 28 — text message**

Source: Jan 28th Trump save america(2).mp4 | Extracted frame at 00:02



**Exhibit A-6 — March 28 — text message**

Source: mar 28(2).mp4 | Extracted frame at 00:04



**Exhibit A-7 — March 29 — text message**

Source: mar 29(2).mp4 | Extracted frame at 00:03



**Exhibit A-8 — May 31 — fundraising destination**

Source: May 31st(2).mp4 | Extracted frame at 00:03



**Exhibit B-1 | February 5, 2024**

STOP reply and unsubscribe confirmation




Source: Feb 5th #2' Trump save america(3).mp4

Unaltered video frame extracted at approximately 2.6 seconds; video preserved separately.

**Exhibit B-2 | October 28, 2023**

STOP reply




Source: Oct 28 Trump STOP(2).mp4

Unaltered video frame extracted at approximately 7.6 seconds; video preserved separately.

**Exhibit B-3 | October 28, 2023**

Unsubscribe confirmation




Source: Oct 28 Trump STOP(2).mp4

Unaltered video frame extracted at approximately 11.6 seconds; video preserved separately.

**Exhibit B-4 | October 16, 2023**

Unsubscribe confirmation




Source: Oct 16 Trump Save Amaerica STOP(4).mp4

Unaltered video frame extracted at approximately 6.4 seconds; video preserved separately.

JS 44 (Rev. 04/21) (TXND 4/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Lucas Horton

**(b)** County of Residence of First Listed Plaintiff *(EXCEPT IN U.S. PLAINTIFF CASES)*

Dallas County, Texas

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Lucas Horton, pro se

## DEFENDANTS

Trump Save America Joint Fundraising Committee

County of Residence of First Listed Defendant *(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

3-26CV3722-S

RECEIVED
OCT 23 2026
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☒ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. 227(b)(1)(A)(iii)

Brief description of cause:
TCPA: unsolicited texts and post-STOP communications

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 63,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE ______ DOCKET NUMBER ______

DATE ______ SIGNATURE OF ATTORNEY OF RECORD ______

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______